E-FILED
Tuesday, 13 October, 2020  09:48:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD ODOM,                          )
  Plaintiff,                   )
                               )
vs.                                    )          No. 20-4101
                               )
WEXFORD HEALTH SOURCES,  et. al.,  )
  Defendants                   )

MERIT REVIEW  ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint.  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has filed his complaint against eight Defendants including Wexford Health Sources, Dr. Stromberger, Mental Health Director Melvin Hinton, Illinois Department of Corrections Director Jeffreys, Warden Stephanie Dorethy, Officer McCune, Illinois Department of Corrections (IDOC) Medical Director John Doe #1, and Hill Correctional Center Medical Director John Doe #2.

Plaintiff has divided his complaint into five counts including two counts of deliberate indifference and three counts of intentional infliction of emotional distress. However, Plaintiff's complaint simply repeats the same claims.

1

For instance, Plaintiff's first allegation of deliberate indifference alleges he suffers from serious mental health issues (SMI) and the Defendants have been deliberately indifferent to his need for mental health care.  Plaintiff says Wexford has a policy of deliberately understaffing correctional facilities to save money. All of the Defendants knew about this problem due to letters, grievances, and other lawsuits.

As a result of this policy, Plaintiff says he was denied mental health care. Plaintiff says he "asked on several different occasions if he could speak with mental health because he was feeling depressed and felt that he wasn't stable and his requests were ignored." (Comp., p. 6). Plaintiff says he told several people, but he "was treated like a nuisance and ignored." (Comp., p. 7).  Nonetheless, Plaintiff also alleges he was moved to a suicide watch cell due to his statements.

Plaintiff's second claim of deliberate indifference repeats the same allegations and confirms he was in a suicide watch cell. (Comp., p. 10-16).  Plaintiff says correctional officers accused him of faking his claims.  Plaintiff alleges Defendant McCune not only told him to kill himself, but also put a razor in his suicide watch cell. Plaintiff says he complained to Dr. Stromberger about the officers, but he did not take any action or document the problems.

Plaintiff further claims the lights were left on all day and he was denied exercise, showers, and hygiene items.  Plaintiff does not state how long he was subjected to these conditions.

Plaintiff filed grievances and sent letters to the IDOC Director and Medical Director, but he received no response.  Plaintiff also refers to letters from other inmates concerning the lack of mental health care which were ignored.

There are several problems with Plaintiff's complaint.  First, Plaintiff has failed to provide enough information to put each Defendant on notice of the claim against them. Plaintiff need only provide "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Plaintiff has not provided any time frame for his allegations.  When did he ask for mental health care and when were his requests denied?  When was he placed on suicide watch?   It is possible Plaintiff intended to allege two, distinct incidents, but the Court cannot decipher Plaintiff's claim or claims without at least a general time frame.

Second, Plaintiff has not indicated how each named Defendant is responsible for his claim.  In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  A individual cannot be held liable simply because he or she was a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Many of the identified Defendants such the IDOC Director or IDOC Medical Director are not typically involved in decisions concerning the mental health care provided to an individual inmate.  The fact that Plaintiff sent letters to IDOC

3

supervisors is not sufficient to establish liability. *See Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009).

Finally, the Court notes Plaintiff makes specific reference to two class-action lawsuits concerning either medical or mental health care within IDOC. *See Lippert v. Ghosh*, Case No. 10-4603 in the Northern District of Illinois; *Rasho v. Walker*, Case No. 07-1298 in the Central District of Illinois.  However, if Plaintiff intends to file a lawsuit for damages alleging deliberate indifference to his own mental health care, he must provide information specifically concerning the lack of care provide to him.

As noted, Plaintiff's complaint also includes three state law claims of intentional infliction of emotional distress.  Again, the claims seem to repeat the same basic allegation based on the same facts alleged in support of his Eighth Amendment claim. Plaintiff must again provide a general time frame and some explanation of how the Defendants were involved.

Finally, Plaintiff asks for damages and the injunctive relief ordered in the *Rasho* case.  Plaintiff may pursue his individual claim for damages in this lawsuit. However, if Plaintiff is seeking injunctive relief based on enforcement of the settlement agreement in *Rasho,* he must pursue his claim in the *Rasho* case. *See Rasho*,  2018 WL 2392847 at \*6 (C.D. Ill., May 25, 2018) (stating that the "Settlement Agreement allows for the Plaintiffs to seek relief from this Court if there is a dispute as to whether or not the Defendants are in substantial compliance."); *Daniel v. Justice*, 2019 WL 4894586, at \*2 (S.D.Ill. Oct. 4, 2019)(inmate may proceed with individual claim for damages alleging he was denied mental health care, but a claim to enforce *Rasho* settlement agreement must be

addressed in that case); *see also Sparks v. Baldwin*, 2019 WL 2326207, at *2 (S.D.Ill May 5, 2019); *Daniel v. Baldwin*, 2019 WL 2248629, at *1 (S.D.Ill. May 24, 2019); *Owens v. Mason*, 2016 WL 6143039, at *2 (S.D.Ill. Oct. 21, 2016).

Plaintiff's complaint is therefore dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure for failure to provide proper notice of the intended claims. The Court will allow Plaintiff additional time to file an amended complaint to clarify his claims.  Plaintiff is advised an amended complaint must stand complete on its own, must include all claims and Defendants, and must not refer to any previous complaint.

If Plaintiff intends to allege a claim of deliberate indifference to his serious mental health condition, he should provide the general time frame he requested mental health care and how he requested mental health care.  Plaintiff should explain how each Defendants was specifically involved in failing to provide adequate care.  Plaintiff should also clarify when he was placed on suicide watch, how long he was on suicide watch, and whether he was provided mental health care during this time frame.

Any amended complaint must be filed within 21 days of this order or on or before November 3, 2020 and must abide by the instructions provided.  Plaintiff's motion for appointment of counsel is also denied with leave to refile once Plaintiff clarifies his intended claims. [5]

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Federal Rule of Civil Procedure 8.

2) If Plaintiff intends to file an amended complaint, he must file his complaint within 21 days or on or before November 3, 2020.   If Plaintiff fails to file his complaint by the November 3, 2020 deadline or fails to follow the Court's instructions, his case will be dismissed.

3) Plaintiff's motion for appointment of counsel is also denied with leave to refile once Plaintiff clarifies his intended claims. [5]

4) The Clerk is to provide Plaintiff with a blank complaint form to assists him and to reset the internal merit review deadline within 30 days.

ENTERED this 13th day of October, 2020.


                              s/ James E. Shadid
        _____
                    JAMES E. SHADID
              UNITED STATES DISTRICT JUDGE