E-FILED
Tuesday, 08 December, 2020  03:28:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD ODOM,                    )
   Plaintiff,                    )
                            )
vs.                              )          No. 20-4101
                            )
WEXFORD HEALTH SOURCES,  et. al., )
   Defendants                    )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [8].

I. MERIT REVIEW

Plaintiff's initial complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* October 13, 2020 Merit Review Order.   For instance, Plaintiff failed to provide enough information to put each Defendant on notice of the intended claims, he failed to provide time frames, and he failed to explain how each Defendant was involved. *See* October 13, 2020 Merit Review Order.  In addition, Plaintiff made reference to various class action lawsuits concerning mental health care, but he was advised if he intended "to file a lawsuit for damages alleging deliberate indifference to his own mental health care, he must provide information specifically concerning the lack of care provide to him." October 13, 2020 Merit Review Order, p. 4.

Plaintiff was given specific directions to cure the deficiencies in his compliant, and he was given time to file an amended complaint. Plaintiff has now filed his motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [8].

## II. MERIT REVIEW

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint identifies four Hill Correctional Center Defendants including Wexford Health Sources, Warden Stephanie Dorethy, Mental Health Provider Stromberger, and Officer McCune. Therefore, the Court will dismiss Defendants Mental Health Director Melvin Hinton, Illinois Department of Corrections Director Jeffreys, Medical Director John Doe #1, and Hill Correctional Center Medical Director John Doe #2 since they are no longer named as Defendants.

Plaintiff says he was on suicide watch from approximately December 20, 2018 to January 30, 2019. Plaintiff was mentally "damaged" and "needed to talk to Warden Dorethy," but she never came to his cell. (Amd. Comp., p. 5). Plaintiff then talked to Defendant Mental Health Provider Stromberger, but their conversations were not helping. Therefore, Plaintiff "started talking to everyone and went in a state of

2

depression." (Amd.Comp., p. 5). Plaintiff says Defendant Stromberger knew he was being harassed, but Plaintiff does not explain this statement further.

Plaintiff says he wanted some out of cell time to do things like take a shower, but he was "denied a few times." (Amd.Comp., p. 5). On January 27, 2019, Plaintiff came out of his cell to talk and all the correctional officers were laughing at him. Defendant Sergeant McCune said "kill yourself already." (Amd. Comp., p. 5). When Plaintiff later returned, he noticed something "shiny and behold! there was a razor when I back in the cell." (Amd. Comp., p. 5).

Plaintiff apparently then cut himself with the razor and was bleeding "profusely." (Amd. Comp., p. 5). The nurses were not in a hurry to respond and incorrectly stated Plaintiff had minimal bleeding and that he was seen in the Health Care Unit. Plaintiff says neither statement is true. In addition, neither Defendant Stromberger, nor Warden Dorethy came to talk to Plaintiff afterwards.

Plaintiff says he was on suicide watch for 20 to 30 days. When Plaintiff was released, Defendant Warden Dorethy transferred Plaintiff to Menard Correctional Center.

At the conclusion of his complaint, Plaintiff says he almost got frostbite on his feet because the windows were open. Plaintiff does not say when this happened or who was responsible for the conditions.

Most of Plaintiff's statements fail to clearly articulate a potential constitutional violation. Although Plaintiff may have wished to talk to the Warden, Plaintiff admits he was receiving mental health care. The Warden is not a mental health care provider,

3

nor does an inmate have a right to speak with the Warden concerning his specific complaints.

In addition, Plaintiff has failed to clearly articulate a claim against Defendant Stromberger.  Plaintiff admits he was on suicide watch and he was able to speak with the mental health provider during this time.  Plaintiff has expressed only his dissatisfaction with the care provided.  However, a "prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.'" *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996), *quoting Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir. 1974). Plaintiff has not alleged any facts which would allow the Court to make this inference. *See Bell v. Jumper*, 2020 WL 2494728, at *2 (C.D.Ill. May 14, 2020)( plaintiff's disagreement with mental health professional's treatment plan does not rise to the level of a constitutional violation); *Scarver v. Litscher,* 371 F.Supp.2d 986, 999–1000 (W.D.Wis. May 27, 2005)(plaintiff's dissatisfaction with mental health treatment did not support Eighth Amendment claim).

As for Officer McClure, Plaintiff alleges the Defendant laughed and taunted him to commit suicide.  Plaintiff then found a razor in his cell and injured himself.  However the razor ended up in Plaintiff's cell, Plaintiff has adequately alleged for the purposes of notice pleading that Defendant McClure's verbal taunts while he was on suicide watch violated Plaintiff's Eighth Amendment rights. *See Lisle v. Welborn*, 933 F.3d 705, 717 (7th Cir. 2019) ("**assuming** (plaintiff's) account is true, as we must, (defendant's) statements

4

could be deemed cruel infliction of mental pain and deliberate indifference to his risk of suicide, making summary judgment improper.").

Plaintiff's complaint does not provide a factual basis for any claim against Wexford Health Sources.  In addition, while Plaintiff claims he suffered with extremely cold temperatures, he again fails to provide a factual basis such as when, where, how long, and who knew about the problem?  Therefore, Plaintiff has failed to articulate any other claims.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Defendant Officer McClure violated Plaintiff's Eighth Amendment rights when he made taunting statements and was deliberately indifferent to the risk of suicide while Plaintiff was on suicide watch. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as

premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service.  Defendant has 60 days from service to file an Answer.  If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3.  If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [8]; 2) Dismiss Defendants Wexford Health Sources, Warden Stephanie Dorethy, Mental Health Provider Stromberger, Mental Health Director Melvin Hinton, Illinois Department of Corrections Director Jeffreys, Medical Director John Doe #1, and Hill Correctional Center Medical Director John Doe #2 for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C.**

7

**§1915A;  3) Attempt service on Defendant pursuant to the standard procedures;**

**4) Set an internal court deadline 60 days from the entry of this order for the**

**Court to check on the status of service and enter scheduling deadlines; and 5)**

**Enter the Court's standard qualified protective order pursuant to the Health**

**Insurance Portability and Accountability Act.**

ENTERED this 8th day of December 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE